UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| KENNETH HILL, ET AL. | CASE NO.:  1:19-cv-00484 |
| VERSUS | JUDGE DEE D. DRELL |
| S T G INTERNATIONAL, INC. | MAGISTRATE JUDGE JOSEPH H. L. PEREZ-MONTES |

**ANSWER AND AFFIRMATIVE DEFENSES, AND DEMAND FOR TRIAL BY JURY BY STG INTERNATIONAL, INC.**

Defendant, STG International, Inc. ("STGi" or "Defendant"), respectfully files the instant Answer, Affirmative Defenses, and Demand for Trial by Jury in response to the Complaint filed by Plaintiffs Kenneth Hill, Verna Bertrand, Kimberly Fannin, Marli Hudnall, Theresa Mitchell, and Charlene Paul:

**FIRST DEFENSE**

The Complaint fails to state a claim against STGi pursuant to Rule 12(b)(6) and *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007) and its progeny.

**SECOND DEFENSE**

Plaintiffs have no interest in or right to assert any purported claim, nor recover any damages, on behalf of any other person(s) and/or entity(s), nor does any generally identified purported party have an independent right of action against STGi concerning the subject matter of the Complaint.

**THIRD DEFENSE**

STGi avers that plaintiffs assumed certain risks or were comparatively or contributorily negligent or at fault, such that plaintiffs' claims are barred. Alternatively, Plaintiffs' damages, if any, must be reduced in proportion to their share of fault.

**FOURTH DEFENSE**

STGi avers that Plaintiffs' damages, if any, were the result of the fault of a third party for which STGi is in no way responsible.

**FIFTH DEFENSE**

STGi avers that any injuries or damages claimed by Plaintiffs are the result of a preexisting condition or conditions that are unrelated to any conduct by STGi.

**SIXTH DEFENSE**

STGi asserts that Plaintiffs have failed to mitigate their damages, if any.

**SEVENTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by prescription.

**EIGHTH DEFENSE**

Plaintiffs have no cause and/or right of action against STGi.

**NINTH DEFENSE**

Plaintiffs' allegations as set forth in their Complaint are vague and ambiguous.

**TENTH DEFENSE**

STGi is entitled to certain limitations of liability and on damages as provided by law.

**ELEVENTH DEFENSE**

Plaintiffs lack procedural capacity to maintain one or more of the claims asserted against STGi.

## TWELFTH DEFENSE

Plaintiffs incurred no damage as a result of any act or omission of STGi.

## THIRTEENTH DEFENSE

No act or omission of STGi was a proximate, contributing, or substantial cause of any of Plaintiffs' alleged damages.

## FOURTEENTH DEFENSE

Plaintiffs' claims against STGi are subject to a set-off for benefits received by Plaintiffs, or to which Plaintiffs are entitled, pursuant to insurance policies and other benefits. Plaintiffs' claims against STGi are also subject to a set-off for any and all amounts received by Plaintiffs in satisfaction or compromise or settlement of its claims against other person(s) and/or entity(s), whether a party or non-party to this lawsuit, and whether settlement or compromise occurred prior to or after the filing of the Complaint.

## FIFTEENTH DEFENSE

The allegations set forth in the Complaint fail to comply with the rules applicable to pleading a claim for relief.

## SIXTEENTH DEFENSE

Further, in the alternative, STGi specifically and affirmatively pleads that it is immune from the liability asserted by Plaintiffs in this suit, because Louisiana's Workers' Compensation Act establishes Workers' Compensation as an exclusive remedy for claims, such as those alleged by Plaintiffs, by employees against their employers for injuries suffered during the course and scope of their employment.

**SEVENTEENTH DEFENSE**

STGi hereby gives notice that it intends to rely on other defenses that may become available or apparent during the course of discovery and thus, reserves its right to amend its Answer to assert any such defense.

**ANSWER**

And now for its Answer, without in any way waiving the defenses set forth above and responding to Plaintiff's Complaint by numbered paragraph, STGi avers as follows:

1.

STGi denies that Kenneth Hill works, or has ever worked as an employee of STGi at the LaSalle ICE Processing Center ("the Center"). The remaining allegations in Paragraph 1 are denied for lack of sufficient information to justify a belief therein.

2.

The allegations in Paragraph 2 are denied for lack of sufficient information to justify a belief therein.

3.

The allegations in Paragraph 3 are denied for lack of sufficient information to justify a belief therein.

4.

The allegations in Paragraph 4 are denied for lack of sufficient information to justify a belief therein.

5.

The allegations in Paragraph 5 are denied for lack of sufficient information to justify a belief therein.

6.

The allegations in Paragraph 6 are denied for lack of sufficient information to justify a belief therein.

7.

STGi admits it is a foreign corporation doing business in Louisiana, with its principal business office located in Alexandria, Virginia. The remaining allegations of Paragraph 7 are denied to the extent they inaccurately or incompletely describe the business activities of STGi.

8.

The allegations of Paragraph 8 of the Complaint are denied to the extent they inaccurately or incompletely describe information found on STGi's website.

9.

STGi denies that all of the Plaintiffs identified as such in the Complaint work, or have worked at the Center as STGi employees. The remaining allegations of Paragraph 9 are denied as written.

10.

The allegations of Paragraph 10 of the Complaint are denied.

11.

The allegations of Paragraph 11 of the Complaint are denied.

12.

The allegations of Paragraph 12 of the Complaint are denied.

13.

The allegations of Paragraph 13 of the Complaint are denied.

14.

The allegations of Paragraph 14 of the Complaint are denied.

15.

The allegations of Paragraph 15 of the Complaint are denied.

16.

The allegations of Paragraph 16 of the Complaint are denied.

17.

The allegations of Paragraph 17 of the Complaint are denied.

18.

The allegations of Paragraph 18 of the Complaint are denied.

19.

The allegations of Paragraph 19 of the Complaint are denied.

20.

The allegations of Paragraph 20 of the Complaint contain conclusions of law which require no response from STGi. However, in an abundance of caution, the allegations of Paragraph 20 are denied.

21.

The allegations of Paragraph 21 of the Complaint are denied.

22.

The allegations of Paragraph 22 of the Complaint are denied.

23.

The allegations of Paragraph 23 of the Complaint are denied.

24.

The allegations of Paragraph 24 of the Complaint are denied.

25.

The allegations of Paragraph 25 of the Complaint are denied.

26.

The allegations of Paragraph 26 of the Complaint are denied.

27.

The allegations of Paragraph 27 contain conclusions of law which require no response from STGi.  However, in an abundance of caution, the allegations of Paragraph 27 are denied.  It is specifically denied that any of the Plaintiffs were "expos[ed] to fungi and other toxic conditions."

28.

The allegations of Paragraph 28 of the Complaint are denied.

29.

The allegations of Paragraph 29 of the Complaint are denied.

30.

The allegations of Paragraph 30 of the Complaint are denied.

31.

The allegations of Paragraph 31 of the Complaint are denied.

32.

STGi denies Plaintiffs were exposed to harmful agents at the Center. The remaining allegations of Paragraph 32 are denied for lack of sufficient information to justify a belief therein.

33.

The allegations of Paragraph 33 of the Complaint do not require a response from STGi.

34.

The allegations of Paragraph 34 of the Complaint do not require a response from STGi.

35.

The allegations contained in Plaintiffs' prayer for relief, and/or in any other unnumbered paragraph are denied.

WHEREFORE, Defendant STGi prays that its answer be deemed good and sufficient and after due proceeding there be judgment in favor of STGi and against Plaintiffs, dismissing all claims advanced by Plaintiffs against STGi with prejudice, and at Plaintiffs' sole cost.  STGi further prays for all legal and equitable relief to which it is entitled.

    Respectfully Submitted,

    s/Jackson M. Smith
    ERNEST P. GIEGER, JR. (No. 6154)
    Email:    egieger@glllaw.com
    ANDREW A. BRAUN (No. 3415)
    Email:    abraun@glllaw.com
    EMILY E. EAGAN (No. 29166)
    Email:    eeagan@glllaw.com
    JACKSON M. SMITH (No. 38406)
    Email:    jsmith@glllaw.com
    GIEGER, LABORDE & LAPEROUSE, L.L.C.
    701 Poydras Street, Suite 4800
    New Orleans, Louisiana  70139
    Telephone:    (504) 561-0400
    Facsimile:    (504) 561-1011
    ATTORNEYS FOR STG
    INTERNATIONAL, INC.

**CERTIFICATE OF SERVICE ATTACHED ON FOLLOWING PAGE**

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing has been served upon:

>James F. Willeford, Esq.
>Email: jimwilleford@willefordlaw.com
>Reagan L. Toledano, Esq.
>Email: rtoledano@willefordlaw.com
>Willeford & Toledano
>201 St. Charles Avenue, Suite 4208
>New Orleans, Louisiana  70139
>       *-- and –*
>Nicholas A. Holton, Esq.
>Email: nicholas.holton@holtonlawfirmllc.com
>Holton Law Firm, LLC
>3445 North Causeway Boulevard, Suite 707
>Metairie, Louisiana  70002
>       *-- and –*
>Arthur L. Stewart, Esq.
>Email: arthur@stewartlawllc.com
>Stewart Law Group, L.L.C.
>1869 Avenue of America, Suite B
>Monroe, Louisiana  71201
>       *-- and --*
>Mark J. Neal, Esq.
>Email: mneal@neallawfirm.net
>Neal Law Firm
>Post Office Box 14657
>Monroe, Louisiana  71207

via the court's e-filing system and/or facsimile and/or by depositing same in the United States postage prepaid and properly addressed this 31st day of May, 2019.

                                        s/Jackson M. Smith